Joseph NARA

v.

**Frederick FRANK, Appellant.**

No. 05–4779.

United States Court of Appeals,
Third Circuit.

July 17, 2007.

Christopher D. Carusone, Office of the Attorney General of Pennsylvania, Harrisburg, PA, for Appellant.

Lisa B. Freeland, Office of the Federal Public Defender, Pittsburgh, PA, for Appellee.

Before SMITH, WEIS, and NYGAARD, Circuit Judges.

OPINION SUR MOTION TO STAY
THE MANDATE AND ORDER
OF THE COURT

NYGAARD, Circuit Judge.

Presently before the Court is a motion by the Commonwealth of Pennsylvania to stay the mandate of our decision in *Nara v. Frank*, No. 05–4779, 494 F.3d 1132, 2007 WL 2034090 (3d Cir. 2007) pending its filing of a petition for writ of *certiorari.* Familiarity with this Court's opinion in the underlying litigation is presumed. *Nara v. Frank*, 488 F.3d 187 (3d Cir.2007).

In exceptional cases, a party may obtain a stay of our mandate if it can demonstrate that its petition presents a "substantial question and that there is good cause for a stay." FED. R.APP. P. 41(d)(2)(A) (2007). This standard requires the movant to show: (1) a reasonable probability that the Supreme Court will grant *certiorari;* (2) a reasonable possibility that at least five Justices would vote to reverse this Court's judgment; and (3) a likelihood of irreparable injury absent a stay. In a close case, the movant should make a showing that, on balance, the interests of the parties and the public favor a stay. *Rostker v. Goldberg,* 448 U.S. 1306, 1308, 101 S.Ct. 1, 65 L.Ed.2d 1098 (1980) (Brennan, J., in chambers); *Bricklayers Local 21 v. Banner Restoration, Inc.,* 384 F.3d 911, 912 (7th Cir.2004) (Ripple, J., in chambers); *Doe v. Miller,* 418 F.3d 950, 951 (8th Cir.2005); FED. R.APP. P. 41(d) advisory committee's note.

The Commonwealth has failed to meet these requirements. First, the Commonwealth contends that the Supreme Court's holding in *Baldwin v. Reese,* 541 U.S. 27, 32, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004), limited the viability of the analysis we set forth in *McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir.1999), but it has not demonstrated that the state courts were required to look beyond Mr. Nara's petitions or briefs for a federal claim. Second, the Commonwealth argues that we gave insufficient deference to the state courts' rulings and erred in concluding that Nara's competency claim was not procedurally defaulted. The Commonwealth, however, does not develop these arguments in any way, much less cite authority to suggest that at least five Justices would disagree with our analysis.

Finally, the Commonwealth has failed to show that an "irreparable injury" is likely absent a stay. Nothing prevents the Commonwealth from preparing to commence trial within 120 days while simultaneously filing a petition for *certiorari.*

For the foregoing reasons, it is ORDERED that the motion to stay the mandate is DENIED. This is without prejudice to the applicant's right to file a timely petition for writ of *certiorari.*